## JETER v. STATE.

Opinion delivered June 27, 1903.

TRESPASS—EVIDENCE.—A conviction of trespass on land charged to belong to "the Little Rock & Fort Smith Railway Company" is · not sustained by proof that the land once belonged to the "Little Rock & Fort Smith Railroad Company," and that all of the lands of the latter road had been conveyed to the, former "except such portions thereof as the Little Rock & Fort Smith Railroad Company had heretofore sold."

Appeal from Franklin Circuit Court.

JEPTHA H. EVANS, Judge.

Reversed.

*Chew & Fitzhugh* and *J. J. Walker,* for appellant.

The offense was barred by statute. 14 Ark. 549; 45 Ark. 355. There was no proof that Little Rock & Fort Smith Railway was a corporation. 20 Ark. 204; 58 Ark. 98; 5 S. W. 157; 32 S. W. 698; 4 Denio, 364; 12 Wend., 547; 58 Ark. 17. There was no proof that the railway company had title to. the lands. 42 Ark. 73; 53 Ark. 244. The demurrer should have been sustained. Sand. & H. Dig. §§ 2074-5; 1 Bish., Cr. Law, 566, 576. There was no evidence to support the verdict. 66 Ark. 65.

*George W. Murphy, Attorney General,* for appellee.

The fact that the railway company was a corporation was a matter of general knowledge. 53 Ark. 46. The demurrer was properly overruled. 66 Ark. 65.

RIDDICK, J. This is an appeal from a judgment convicting the defendant of a trespass, which the indictment alleges that he committed by wilfully, knowingly and without lawful authority cutting trees on land "belonging to the Little Rock & Fort Smith Railway, a corporation."

We are of the opinion that the appeal must be sustained, and the judgment reversed, for the reason that there is in the transcript

no evidence to show that the lands from which the timber was cut belonged to the Little Rock & Fort Smith Railway, or that the railway was a corporation, as alleged in the indictment.

On the question of the title the record evidence introduced at the trial seems to show that land from which the timber in question was cut was at one time owned by the old Little Rock & Fort Smith Railroad Company, being a part of the land granted by congress to aid in the construction of a railroad from Little Rock to Fort Smith. To show that the land is now owned by the "Little Rock & Fort Smith Railway," as alleged in the indictment, the state introduced the deed of a special commissioner and master of the United States circuit court for the eastern district of Arkansas. The recitals in that deed show that all the lands granted by Congress for the purpose of constructing the Little Rock & Fort Smith Railroad, and which became the property of the Little Rock & Fort Smith Railroad Company, were sold under decree of the court, and purchased by the Little Rock and Fort Smith Railway, "except such portions thereof as the Little Rock & Fort Smith Railroad Company had heretofore sold."

In other words, the deed shows that not all the land granted by Congress for the purpose mentioned was sold to the Little Rock & Fort Smith Railway, but only such of that land as had not previous to the decree been sold by the railroad company. There is no testimony to show that this tract had not been thus sold, and therefore nothing to show that it passed by the decree and deed introduced in evidence, and nothing to show that it was at the time of the alleged trespass owned by the Little Rock & Fort Smith Railway, as alleged.

As the judgment must be reversed on account of the failure of the evidence in respect to the ownership of the land, we need not discuss the question as to whether the evidence was sufficient to show that the trespass was committed within one year before the finding of the indictment, or notice the other questions raised.

Judgment reversed, and cause remanded for new trial.